IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON PRUITT, | No. CIV S-05-0929-CMK |
| Plaintiff, | |
| vs. | ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding pro se,[1] brings this action for judicial review pursuant to 42 U.S.C. § 405(g). Defendant has filed a response to the complaint by way of a motion to dismiss asserting lack of subject matter jurisdiction. Specifically, defendant asserts that plaintiff's case is still pending before the administrative agency and, as such, there is no final decision of the Commissioner of Social Security for this court to review. Plaintiff filed a response to the motion on February 10, 2006. Pursuant to the consent of the parties, this case is

///

---

[1] The court's October 6, 2005, order granting in forma pauperis status incorrectly stated that plaintiff was proceeding with retained counsel.

1

before the undersigned for a decision on defendant's motion.[2]

In her motion to dismiss, defendant states that the Appeals Council has not adjudicated plaintiff's claim with respect to the issue of cessation of disability. In support, defendant provides the January 26, 2006, declaration of Dennis V. Ford, Acting Chief of Court Case Preparation and Review of the Office of Appellate Operations for the Social Security Administration, who states that the issue of cessation of disability is still open and requires further consideration by the Appeals Council. In his opposition, plaintiff does not address the finality of agency action on his case or otherwise address defendant's argument. Plaintiff states that the case should not be dismissed because all of his medical records were not available.

Under 42 U.S.C. §405(g), this court has subject matter jurisdiction to review only final orders of the Commissioner of Social Security. In order to invoke this court's subject matter jurisdiction, the plaintiff must first exhaust all administrative remedies set forth in the Social Security Act, by obtaining a final decision. See Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (per curiam). As defendant correctly observes, the term "final" is not defined in the Social Security Act, and it is left for the Commissioner to determine when a decision is final. See Califano v. Sanders, 430 U.S. 99, 208 (1977); Weinberger v. Salfi, 422 U.S. 749, 766 (1975); Mathews v. Eldridge, 424 U.S. 319, 330 (1976).

In this case, the evidence submitted by defendant establishes that the Commissioner does not consider plaintiff's case concluded. Specifically, the Appeals Council needs to give further consideration to the issue of cessation of disability. Because plaintiff has not exhausted his administrative remedies by obtaining a final decision on all issues, including cessation of disability, this court lacks subject matter jurisdiction and this case must be

---

[2] On February 7, 2006, the court directed plaintiff to show cause why this action should not be dismissed for plaintiff's failure to notify the court regarding consent to proceed before a Magistrate Judge. The order advised plaintiff that submission of the required notification regarding consent would constitute an adequate response to the order to show cause. Plaintiff filed a form consenting to Magistrate Judge jurisdiction on February 10, 2006. The order to show cause will, therefore, be discharged.

1  dismissed.

2             It simply appears that plaintiff has filed this action prematurely.  In fact, the
3  record demonstrates that defendant offered to agree to remand this matter back to the agency in
4  order for the Appeals Council to conclude its review, but that plaintiff has not accepted this
5  offer.  Moreover, as suggested by plaintiff's opposition to defendant's motion, all of the medical
6  evidence may not have been available.  While the court expresses no opinion on this issue, if
7  additional evidence is indeed available, the agency should consider it in the first instance.  Thus,
8  it is appropriate that this case return to the agency.  Once the Appeals Council has issued a final
9  decision on all issues, plaintiff may then come to this court pursuant to § 405(g), but not before.

10            Accordingly, IT IS HEREBY ORDERED that:

11       1.   The court's February 7, 2006, order to show cause is discharged;

12       2.   Defendant's motion to dismiss is granted;

13       3.   This action is dismissed for lack of subject matter jurisdiction; and

14       4.   The Clerk of the Court is directed to enter judgment and close this file.

16  DATED:  February 28, 2006.

                                          _____
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE